IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| H. SCOTT BROWN, et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV08-198-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| BUREAU OF RECLAMATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiffs have brought this matter as "an independent action under Federal Rule of Civil Procedure 60(d)(1) for relief from a judgment and decree quieting title that was entered on December 17, 2003 in Brown et al. v. The Bureau of Reclamation, U.S. Dist. Ida. Case No. CIV 02-0090-S-EJL (hereinafter referred to as 'Brown I')." (Pls.' Compl. at 2). Plaintiffs ask the Court to "declare that the Court's judgment in Brown I failed to incorporate the actual terms of the parties' stipulated agreement" and issue "an order setting aside the December 17, 2003 judgment." (Pls.' Compl. at 6).

Defendant, Bureau of Reclamation ("BOR"), opposes the Plaintiffs' effort to obtain Rule 60 relief from the Brown I judgment and moves to dismiss this matter "[b]ecause the doctrine of res judicata ('claim preclusion') and laches bar this independent action, and further Plaintiff cannot meet the demanding standards necessary to support independent action for relief from judgment under Rule 60(d)." (BOR's Mem. in Supp. of Mot. to Dismiss at 2). BOR's Motion to Dismiss is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

MEMORANDUM ORDER - Page 1

## Background

In Brown I the parties reached a settlement in a dispute concerning the property lines between the Plaintiffs' private residences and the BOR's right of way. On October 28, 2003 and December 17, 2003, the Court entered judgments quieting title based upon the parties' settlement agreements and stipulations for entry of judgment. More than four years later, on January 11, 2008, the Plaintiffs filed in Brown I a Motion for Relief Under F.R.C.P. 60(b)(1) from the judgement entered on December 17, 2003. On February 14, 2008, the Court denied the Motion for Relief explaining that the motion was untimely and that the motion "fails to demonstrate 'extraordinary circumstances' that prevented plaintiffs 'from taking timely action to prevent or correct an erroneous judgment.' " (Brown I, docket no. 149). Plaintiffs did not appeal the Court's decision. Instead, Plaintiffs filed the present action as "an independent action under Federal Rule of Civil Procedure 60(d)(1) for relief from a judgment and decree quieting title that was entered on December 17, 2003." (Pls.' Compl. at 2).

## Standards

On a motion to dismiss, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.[1] See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

---

[1] In support of Plaintiffs' opposition to BOR's Motion to Dismiss, Plaintiffs filed an affidavit. In reply, BOR also filed an affidavit. Consideration of extrinsic evidence will often covert a motion to dismiss to a summary judgment motion. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, in reaching its decision the Court did not consider any material outside the Plaintiffs' Complaint except to the extent that it considered certain matters of public record and took judicial notice of the submissions in Brown I, all permissible in the context of a motion to dismiss. Id. at 688-89.

MEMORANDUM ORDER - Page 2

## Discussion

Because Plaintiffs moved for, and were denied, Rule 60 relief in Brown I, and now request the same relief again in this action, BOR asserts that the doctrine of res judicata requires dismissal. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id.

Plaintiffs do not deny that the three factors apply here. (Pls.' Mem. in Opp'n at 4-5). Instead they state that the "Ninth Circuit Court of Appeals has ruled that res judicata does not apply to an independent [Rule 60] action for relief from a judgment." (Pls.' Mem. in Opp'n at 4). However, the case cited by Plaintiffs, Watts v. Pickney, 752 F.2d 406, 410 (9th Cir. 1985), stands only for the unremarkable proposition that a Rule 60 action is not considered a collateral attack under a res judicata analysis. Watts does not address the question presented here: What is the effect of the res judicata doctrine on a successive request for Rule 60 relief? The answer to that question is supplied by reference to numerous court decisions that have determined a second attempt to obtain Rule 60 relief is barred by res judicata. See e.g., Locklin v. Switzer Bros., Inc., 335 F.2d 331, 334-35 (7th Cir. 1964) (explaining that a Rule 60(b) motion has preclusive effect on subsequent independent Rule 60(b) action based on same allegations); Beller & Keller v. Tyler, 120 F.3d 21, 23 (2nd Cir. 1997) (same); Hughes v. McMenamon, 379 F. Supp. 2d 75, 79 (D. Mass. 2005) ("Res judicata applies to successive Rule 60(b) motions and independent Rule 60(b) actions.").

As the Northern District of California explained when faced with a similar argument as the one advanced by the Plaintiffs here:

> Plaintiff also argues that this action is not barred by res judicata because res judicata does not apply to Rule 60 actions. Plaintiff again misconstrues the law. The cases cited by plaintiff stand only for the proposition that res judicata does not bar a Rule 60 attack on a judgment . . . . Res judicata does apply to successive Rule 60(b) motions and actions.

Cinquini v. Donohoe, No. C 95-4168 FMS, 1996 WL 79822, at *7 (N.D. Cal. Feb. 8, 1996). And as the Court stated in Brown I, the Plaintiffs have not demonstrated extraordinary circumstances that would warrant relief under Rule 60 or a departure from the bar imposed by the well established principles of res judicata. Accordingly, BOR's Motion to Dismiss must be granted.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant Bureau of Reclamation's Motion to Dismiss (docket no. 5) is **GRANTED**, and this action is **DISMISSED** in its entirety.

**IT IS FURTHER ORDERED** that the Court's ruling renders the Defendant Bureau of Reclamation's Motion to Strike or Disregard Affidavit of H. Scott Brown (docket no. 11) as **MOOT.**[2]

DATED: September 11, 2008

_Edward J. Lodge_
**Honorable Edward J. Lodge**
**U. S. District Judge**

---

[2] It is noted, however, that the Plaintiffs did not file any opposition to the Defendant's Motion to Strike, which under Local Civil Rule 7.1 (e) is deemed to constitute consent to the granting of the motion.

MEMORANDUM ORDER - Page 4